IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 6:19-CR-00258-ADA-9 |
| § | |
| DALIA RAQUEL § | |
| GONAZALEZ ROBINSON § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

On July 6, 2022, Dalia Raquel Gonzalez Robinson was sentenced in the Western District of Texas, Waco Division, to 57 months in prison with 3 years of supervised release to follow, for the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine. The defendant's supervised release began on February 15, 2023.

On August 28, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of her supervision in the following ways:

**Violation Number 1:** The defendant violated her special condition, in that on or

about October 28, 2024, and February 10, 2025, she failed to participate in a substance abuse program.

**Violation Number 2:** The defendant violated her special condition, in that on or about June 10, June 12, July 10, and August 14, 2025, she failed to participate in a mental health program.

**Violation Number 3:** The defendant violated mandatory condition number 3, in that on or about May 15, 2025, she used or possessed three controlled substances, to wit: cocaine, methamphetamine, and marijuana.

**Violation Number 4:** The defendant violated standard condition number 7, in that on or about August 28, 2025, she failed to work full time at a lawful type of employment.

**Violation Number 5:** The defendant violated standard condition number 13, in that on or about May 12 and May 14, 2025, she failed to follow the instructions of the probation officer.

On October 7, 2025, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE as to all violations. The petition contained a sufficient factual basis to support a plea of TRUE as to all violations.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of her supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea of TRUE as to violation number 1, 2, 3, 4 and 5.
3. The defendant had both a factual and rational understanding of the proceedings against her.
4. The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9. The defendant understood the petition and the charges alleged against her.

10. The defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered her plea of TRUE as to violation number 1, 2, 3, 4 and 5.

14. The defendant understood her statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation number 1, 2, 3, 4 and 5.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be continued with the conditions that the defendant submit to mental health and/or substance abuse treatment as determined by the probation officer, if those conditions are not already included. It is further **RECOMMENDED** that the defendant be brought before the undersigned for any future supervised release violations if at all practical.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 7th day of October, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE